UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN Y. DANIELS

           Plaintiff,

  v.

UNUM LIFE INSURANCE COMPANY OF AMERICA ET AL.,

           Defendants.

No. C 06-06348 MHP

**MEMORANDUM & ORDER**
**Re: Defendant City of Oakland's Motion to Dismiss**

On August 30, 2006 plaintiff Kathleen Y. Daniels filed a complaint in Alameda County Superior Court against Unum Life Insurance of America, Unum Provident Corporation, City of Oakland, and Does 1 through 20, alleging that defendants erroneously denied plaintiff disability benefits under the Group Disability Plan of which she was a member. The case was subsequently removed to the Northern District of California. Now before the court is defendant City of Oakland's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

BACKGROUND[1]

At all times relevant to this action, Daniels was employed by defendant City of Oakland as a business analyst. As an employee of the City of Oakland, Daniels was insured by the Group Disability Plan ("the Plan"), which provides both short-term and long-term disability insurance. At issue in this case is Policy No. 569948-011 ("the Policy"). Defendant Unum Life Insurance

Company of America, owned and operated by defendant Unum Provident Corporation (collectively "Unum"), is the administrator of the Plan.

Daniels alleges that during the course of her employment she became disabled as a result of a hiatal hernia, gastro esophageal reflux disease, and sleep apnea. She further alleges that as a result of these conditions she is unable to perform her duties as a business analyst with the City of Oakland. Shortly after becoming disabled, Daniels filed for disability benefits under the Plan. Unum, as the administrator of the Plan, denied Daniels' claim for benefits. Daniels, proceeding pro se, seeks declaratory and injunctive relief to mandate payment of disability benefits under the Plan. The complaint states three causes of action: the first for recovery of employee benefits against all defendants; the second for breach of contract against Unum and Does 1-10; and the third equitable relief against Unum and Does 1-10.

Defendant City of Oakland filed the instant motion for failure to state a claim on November 6, 2006. Because Daniels had fail to file a timely opposition in accordance with Local Rule &-3(a), the court ordered Daniels to file any opposition by December 18, 2006. Daniels subsequently filed a timely opposition. Having considered the parties' arguments fully and for the reasons set forth below, the court issues the following memorandum and order.

LEGAL STANDARD

A motion to dismiss will be denied unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir. 1986), cert. denied, 479 U.S. 1064 (1987). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences.

See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

DISCUSSION

The City of Oakland asks the court to dismiss the causes of action brought against it for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The complaint alleges only one cause of action against the City of Oakland, that for recovery of employee benefits. Compl. ¶¶ 15–21. The allegations in the complaint refer to violations of the terms of the Plan and administration of the Plan. However, Daniels has made no allegation that the City of Oakland is a party to the Plan or a party to the administration of the Plan; nor has she alleged any wrongful conduct on the part of the City of Oakland. The complaint alleges no set of facts upon which relief could be granted. Therefore, the court grants City of Oakland's motion to dismiss.

Where a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995)). Daniels alleges several new causes of action in her opposition to Oakland's motion to dismiss, including negligent administration of the disability program, breach of covenant of good faith and fair dealing and breach of employment contract. Pl.'s Opp'n at 4. However, none of these allegations appear in the complaint. The opposition is not the place to raise new claims.

If plaintiff intends to pursue these claims she will need to amend her complaint. Given that plaintiff is appearing *pro se*, the court grants plaintiff leave to amend her complaint. In doing so plaintiff must keep in mind that the City of Oakland is or was her employer, not the administrator of the plan. Any claims that she has related to the failure to pay benefits or violations of the terms of the plan may only be made against the administrator of the plan. If by "negligent administration" of the "disability program" plaintiff means the plan, such claims are actually held by the plan and if brought by a participant of the plan can only be brought on behalf of the plan, a task this court

3

strongly recommends that plaintiff as a *pro se* not undertake. If plaintiff has claims related to her actual employment, such as breach of contract, those may be brought against the City of Oakland, but those claims should not be a subterfuge for a claim of failure to pay benefit claims.

CONCLUSION

Defendant City of Oakland's motion to dismiss is GRANTED without prejudice. The court GRANTS plaintiff leave to amend her complaint consistent with this order. Plaintiff shall file her amended complaint, if any, within thirty (30) days of the date of this order and defendant shall answer or otherwise respond within twenty (20) days of the filing of the amended complaint.

IT IS SO ORDERED.

Dated:   12/27/06

_____

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

ENDNOTES

1. Unless otherwise noted, the facts provided are taken from the Complaint.